UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

VICKIE DIANNE BYRD,

          Plaintiff,

   -vs-

GROVE STREET MANAGEMENT CORPORATION
and BARBARA MANOR LLIC,

         Defendants.

———————————————————————

**DECISION and ORDER**
**No. 6:16-cv-6017(MAT)**

### INTRODUCTION

Vickie Dianne Byrd ("Plaintiff"), proceeding pro se, instituted this action against Grove Street Management Corporation and Barbara Manor LLC (collectively, "Defendants"), alleging discrimination based on national origin, race, and disability in violation of the Fair Housing Act ("FHA"). Pending before the Court is Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56").

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Grove Street Management Corporation, a real estate asset management company, is the rental agent and property manager of property, owned by Barbara Manor LLC and located at the corner of Emerson and Mt. Read Boulevard in the City of Rochester, New York. From about November 1, 2013, through October 31, 2015, Plaintiff rented an apartment owned by Barbara Manor LLC and managed by Grove Street Management Coproration. Plaintiff's final lease, which

covered the period from November 1, 2014, through October 31, 2015, was not renewed.

Plaintiff commenced this action on January 11, 2016, alleging discrimination based on national origin, race, and disability in violation of the Fair Housing Act. The gravamen of the Complaint is that Defendants unlawfully evicted her and refused to renew her lease. To these allegations, Plaintiff adds conclusory references to personal injury and property damage, and mentions other legal proceedings between the parties as well as unspecified actions and decisions committed by an unidentified "lawless judge."

On September 13, 2016, Defendants filed a timely Answer to the Complaint. By Order dated September 16, 2016, the Court scheduled a preliminary conference pursuant to Federal Rule of Civil Procedure 16 ("Rule 16") with Magistrate Judge Jonathan W. Feldman for November 16, 2016.

Defendants received, on or about September 22, 2016, from Plaintiff what appeared to be a Response to their Answer. Although there was no reference to harassment in her Complaint, Plaintiff indicated in the Response that she was asserting a claim for unlawful harassment based on alleged "documents and records of discriminations [sic] & harassment of these lawless landlords."

Prior to the Rule 16 conference, on or about September 28, 2016, Plaintiff filed a two-page motion (Dkt #14) asserting entitlement to summary judgment "due to the lawless (lawless)

-2-

eviction suffered bye [sic] this black/A.A. (Disabled cit[i]zen)." Plaintiff did not cite to any other facts to support her claims, or offer any argument as to why she is entitled to judgment as a matter of law.

On or about October 24, 2016, Defendants received from Plaintiff a document styled as a "Summary of Relief Sought," newly asserting that Defendants discriminated against her based on her age, religion, and familial status. In this document, Plaintiff referred, for the first time, to the New York State Human Rights Law.

On October 24, 2016, the attorney for Defendants left a voicemail for Plaintiff asking to discuss a schedule for completing discovery and to request additional time to respond to her summary judgment motion. Plaintiff returned Defendants' attorney's call on October 26, 2016, and left a voicemail stating she would not agree to Defendants' request for additional time to respond to her motion.

On October 27, 2016, in anticipation of the upcoming Rule 16 conference, Defendants sent Plaintiff a proposed scheduling order and suggested a mediator drawn from the Court's list of approved mediators. On October 28, 2016, Defendants filed their opposition to Plaintiff's summary judgment motion requesting that the Court deny the requested relief as premature, since there has been no opportunity to obtain discovery in this matter. For the reasons

discussed below, Plaintiff's motion is denied without prejudice as premature.

## DISCUSSION

Rule 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "However, summary judgment should only be granted '[i]f *after* discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."'" Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (quoting Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (alterations in Berger; emphasis in Hellstrom). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." Id. (quoting Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986)). The Second Circuit has emphasized that it is "[o]nly in the rarest of cases" that summary judgment may be entered against a party who has not been afforded the opportunity to conduct discovery. Id. (citing, inter alia, Sutera v. Schering

-4-

Corp., 73 F.3d 13, 18 (2d Cir. 1995) (reversing grant of summary judgment, which had been entered before any discovery had taken place; in those circumstances, "it cannot be said that plaintiff had a full and fair opportunity to show that Schering's articulated reason for his dismissal was pretextual")).

Here, Plaintiff's motion for summary judgment is undoubtedly premature. The allegations in Plaintiff's various filings have been vague and conclusory, and , and have shifted from one document to the next. Defendants have averred that the fluctuating nature of Plaintiff's allegations makes it difficult to discern the legal bases for Plaintiff's claims. As Defendants point out, they have not had an opportunity to conduct any discovery in this matter, which seems likely to involve numerous contested issues of fact. There is a "critical distinction . . . between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct additional discovery and cases where[, as here,] that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to commence discovery with respect to Plaintiff's claims and its counterclaims." Crystalline H2O, Inc. v. Orminski, 105 F. Supp. 2d 3, 6-7 (N.D.N.Y. 2000) (citing Anderson, 477 U.S. at 250 n. 5). Under these circumstances, it would be inappropriate to enter summary judgment against Defendants and in Plaintiff's favor. See Trebor, 865 F.2d at 511 (denying Rule 56 motion as premature

because nonmoving party did not have "fully adequate opportunity for discovery" at the time the moving party sought summary judgment); see also, e.g., Lawrence v. Baxter, No. 03-CV-228S, 2004 WL 1701102, at *1 (W.D.N.Y. Feb. 10, 2004) (denying plaintiff's motion for summary judgment as premature where case involved "numerous contested issues of law and fact" and parties had had "little (if any) opportunity to conduct discovery") (citations omitted). Accordingly, the Court will deny Plaintiff's motion without prejudice, and with leave to re-file after the completion of discovery.

## CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Summary Judgment (Dkt #14) is denied without prejudice and with leave to re-file after the completion of discovery.

**SO ORDERED**

Honorable Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     November 11, 2016
           Rochester, New York